1

2

3

4

5

6

7

8

9

10

11

12

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT BENYAMINI, | ) | CV F 05 0684 REC LJO HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| | ) | [Doc. #1] |
| TERESA SCHULTZ, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28

U.S.C. § 636(b)(1) and Local Rule 72-302.

        On April 18, 2005, Petitioner filed a petition for writ of habeas corpus in the United States

District Court for the Central District of California.  By order of the Court dated May 4, 2005, the

action was transferred to the Fresno Division.  In the petition before the Court, Petitioner raises five

grounds for relief: 1) Petitioner claims he was mentally incompetent at time of trial and was denied

the right to testify on his own behalf; 2) Petitioner claims the evidence was insufficient to support the

verdict; 3) Petitioner claims the reporter's transcripts are incomplete; 4) Petitioner claims he received

ineffective assistance of counsel; and 5) Petitioner claims a juror was biased against him because of

1    the juror's relationship with Petitioner's relative.

2                                    **DISCUSSION**

3    A.  Procedural Grounds for Summary Dismissal

4           Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

5           If it plainly appears from the petition and any attached exhibits that the petitioner is not
            entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
6           to notify the petitioner.

7    The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

8    habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

9    dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be

10   dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded

11   were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

12   B.  Failure to State a Cognizable Federal Claim

13          The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

14   Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

15   he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

16          The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
            entertain an application for a writ of habeas corpus in behalf of a person in
17          custody pursuant to a judgment of a State court *only on the ground that he is in
            custody in violation of the Constitution or laws or treaties of the United States*.
18
     (emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States
19
     District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a
20
     person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484
21
     (1973).
22
            Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must
23
     demonstrate that the adjudication of his claim in state court
24
            resulted in a decision that was contrary to, or involved an unreasonable application
25          of, clearly established Federal law, as determined by the Supreme Court of the
            United States; or resulted in a decision that was based on an unreasonable
26          determination of the facts in light of the evidence presented in the State court
            proceeding.
27
     28 U.S.C. § 2254(d)(1),(2).
28

1    In the instant case, Petitioner fails to state a cognizable federal claim with respect to Grounds

2    One and Three. In Ground One, Petitioner complains that he was incompetent throughout trial. He

3    states that he sustained head injuries in an incident on August 15, 1999, and also in other instances

4    prior to trial. He also states he was involved in a car accident. He states that because of his injuries,

5    he did not know his "constitutional rights," the "meaning of due process," "what everybody's job

6    was in the courtroom and why," or the meaning of various objections made at trial. He also states he

7    was forced to trust his attorney, he was rushed and ignored when he would speak out in court, and

8    his questions were not answered. Lastly, he claims he was not able to testify on his own behalf.

9    With the exception of Petitioner's claim that he was denied his right to testify on his own

10   behalf, this claim does not present a cognizable federal ground. Petitioner fails to state how his lack

11   of legal knowledge resulted in any trial error. Therefore, this Court will recommend that the claim be

12   dismissed except for Petitioner's claim that he was denied his right to testify.

13   In Ground Three, Petitioner complains that the reporter's transcripts are missing certain

14   portions of the trial. This claim is also not cognizable in a federal habeas action. If Petitioner's

15   copies are incomplete, he must seek complete copies from the trial court. If Petitioner is claiming

16   that the court reporter failed to transcribe everything that occurred at trial, such a complaint is also

17   not cognizable. Petitioner fails to state how he was prejudiced by this error. In other words, he fails

18   to state how he was denied a fair trial as a result of the court reporter's failure.

19   C. Failure to Exhaust State Remedies

20   A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

21   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

22   exhaustion doctrine is based on comity to the state court and gives the state court the initial

23   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

24   U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,

25   1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

26   A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

27   full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.

28   Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

1996).  A federal court will find that the highest state court was given a full and fair opportunity to

hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S.

1 (1992) (factual basis).

     Additionally, the petitioner must have specifically told the state court that he was raising a

federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669

(9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999);

<u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In <u>Duncan</u>, the United States Supreme Court

reiterated the rule as follows:

     In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
of state remedies requires that petitioners "fairly presen[t]" federal claims to the
state courts in order to give the State the "'opportunity to pass upon and correct
alleged violations of the prisoners' federal rights" (some internal quotation marks
omitted). If state courts are to be given the opportunity to correct alleged violations
of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
are asserting claims under the United States Constitution. If a habeas petitioner
wishes to claim that an evidentiary ruling at a state court trial denied him the due
process of law guaranteed by the Fourteenth Amendment, he must say so, not only
in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

     Our rule is that a state prisoner has not "fairly presented" (and thus
exhausted) his federal claims in state court *unless he specifically indicated to
that court that those claims were based on federal law*. <u>See</u> <u>Shumway v. Payne</u>,
223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
<u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the
claim explicit either by citing federal law or the decisions of federal courts, even
if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889
(9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the
underlying claim would be decided under state law on the same considerations
that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>,
195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31
(9th Cir. 1996); . . . .
     In <u>Johnson</u>, we explained that the petitioner must alert the state court to
the fact that the relevant claim is a federal one without regard to how similar the
state and federal standards for reviewing the claim may be or how obvious the
violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

     In this case, Petitioner states he has only presented, and therefore exhausted, Ground Two of

the petition in the California Supreme Court. Therefore, Grounds One, Three, Four, and Five are

unexhausted claims. The Court must dismiss without prejudice a petition that contains unexhausted

1   claims.  28 U.S.C. § 2254(b)(1).  However, the Court will grant Petitioner an opportunity to file a

2   motion to withdraw the unexhausted claims in lieu of suffering dismissal.

3                                    **RECOMMENDATION**

4          Accordingly, the Court HEREBY RECOMMENDS:

5          1) Ground One be DISMISSED in part, as discussed above, for failure to state a cognizable

6   federal claim;

7          2) Ground Three be DISMISSED in whole for failure to state a cognizable federal claim; and

8          3) The petition for writ of habeas corpus be DISMISSED without prejudice for failure to

9   exhaust state remedies.[1]

10         Petitioner may choose to file a motion to withdraw unexhausted Grounds One, Three, Four

11  and Five within thirty (30) days of the filing of this order so as to avoid suffering a dismissal of the

12  petition.

13         Petitioner is forewarned that there is a one year limitations period in which Petitioner must

14  file a federal petition for writ of habeas corpus.  28 U.S.C. §2244(d)(1).  In most cases, the one year

15  period starts to run on the date the California Supreme Court denies Petitioner's direct review.  Rose

16  v. Lundy, 455 U.S. 509, 521-522.  The limitations period is tolled while a properly filed request for

17  collateral review is pending in state court.  28 U.S.C. § 2244(d)(2).  However, the limitations period

18  is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 121

19  S.Ct. 2120, 2129 (2001).

20         This Findings and Recommendation is submitted to the Honorable Robert E. Coyle, United

---

22         [1]A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning
23  to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second
    petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held that:

24              [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed
25              petition to instruct an applicant that upon his return to federal court he is to bring only
                exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made
26              aware of the exhaustion requirement, no reason exists for him not to exhaust all potential
                claims before returning to federal court.  The failure to comply with an order of the court
                is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

28  Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court
    and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

1   States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

2   of the Local Rules of Practice for the United States District Court, Eastern District of California.

3   Within thirty (30) days after being served with a copy, any party may file written objections with the

4   court and serve a copy on all parties.  Such a document should be captioned "Objections to

5   Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

6   filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

7   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The

8   parties are advised that failure to file objections within the specified time may waive the right to

9   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10  IT IS SO ORDERED.

11  **Dated:     July 14, 2005**                    **/s/ Lawrence J. O'Neill**
    b9ed48                                    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28