UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT BENYAMINI, | ) | 1:05-CV-0684 REC LJO HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO REINSTATE CLAIMS AND |
| v. | ) | APPOINT COUNSEL |
| | ) | |
| TERESA SCHWARTZ, | ) | [Doc. #16] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 11, 2005, the instant petition for writ of habeas corpus was transferred to this Court from the United States District Court for the Central District of California. After conducting a preliminary review of the petition, on July 15, 2005, the Court issued a Findings and Recommendation which recommended that Grounds One, in part, and Three be dismissed from the petition for failure to state a claim, and the petition be dismissed for failure to exhaust state remedies. Petitioner was given the option of withdrawing the unexhausted claims in lieu of suffering a dismissal. On September 26, 2005, Petitioner filed objections wherein he conceded that Grounds One and Three were unexhausted. On October 19, 2005, the District Court adopted the Findings and

Recommendation in full and dismissed Grounds One and Three from the petition. The matter was referred back to the undersigned for further proceedings.

On November 7, 2005, Petitioner filed the instant motion to reinstate claims and appoint counsel. In his motion, Petitioner claims he exhausted Grounds Two, Four and Five. In support of his motion, he submits a copy of a petition which he purports to be a copy of a petition for writ of habeas corpus filed with the California Supreme Court. The Court has reviewed the petition and finds it to be unsupportive of Petitioner's contention. The majority of the petition is completely illegible. The print is so faint as to be completely undecipherable. Moreover, it appears that the underlying copy has been printed over in pencil, so it is impossible to determine what was originally filed in the California Supreme Court. In addition, as discussed by the District Court, a decision as to whether Petitioner has exhausted Grounds Four and Five has been reserved until such time, if any, that Respondent files a motion to dismiss for failure to exhaust. Therefore, Petitioner's motion to reinstate his claims is DENIED.

Petitioner has also filed a motion to appoint counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, Petitioner's request for appointment of counsel is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:     November 30, 2005**              /s/ Lawrence J. O'Neill
b9ed48                                        UNITED STATES MAGISTRATE JUDGE