# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | 1:05-CV-0684 REC LJO HC |
| Petitioner, | ORDER VACATING ORDER TO SHOW CAUSE<br>[Doc. #25] |
| v. | ORDER DENYING MOTION FOR SUBSTITUTION OF COUNSEL<br>[Doc. #27] |
| TERESA SCHULTZ, | |
| Respondent. | ORDER DENYING MOTION TO FILE AMENDED PETITION<br>[Doc. #27] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On April 18, 2005, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. By order of the Court dated May 4, 2005, the action was transferred to the Fresno Division. In his petition, Petitioner raised five grounds for relief: 1) Petitioner claims he was mentally incompetent at time of trial and was denied the right to testify on his own behalf; 2) Petitioner claims the evidence was insufficient to support the verdict; 3) Petitioner claims the reporter's transcripts are incomplete; 4) Petitioner claims he received ineffective assistance of counsel; and 5) Petitioner claims a juror was biased

1

against him because of the juror's relationship with Petitioner's relative.

On July 15, 2005, the Court issued a Findings and Recommendation that recommended Ground One be DISMISSED in part for failure to state a cognizable federal claim, Ground Three be DISMISSED in whole for failure to state a cognizable federal claim, and the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state remedies with respect to Grounds One, Three, Four and Five. On October 19, 2005, the District Court adopted the Findings and Recommendation. Grounds One and Three were dismissed; however, the Court reserved judgment with respect to Grounds Four and Five because Petitioner had not provided the Court with his state court records.

On October 27, 2005, the Court issued an order directing Respondent to submit a response to the petition.  Due to an error in electronic processing, the order was not electronically served on Respondent. Accordingly, on December 15, 2005, the Clerk of Court properly served the order on Respondent.

The December 15, 2005, re-service set the deadline to respond to March 15, 2005. On January 9, 2006, the Court issued an order confirming the deadline of March 15, 2005. This order was not properly served on Respondent. Nevertheless, according to the Court's records Respondent was properly served on December 15, 2005 with the original order. The time for filing a response passed and Respondent did not answer in any manner. Therefore, on March 31, 2006, the Court issued an order directing Respondent to show cause why sanctions should not be imposed for failure to follow a court order.

On April 20, 2006, Counsel for Petitioner, Christopher J. Cannon, filed a motion for substitution of counsel purportedly on behalf of Petitioner along with a declaration in support of the motion.

On April 26, 2006, Respondent filed a response to the order to show cause.

**DISCUSSION**

I.  Order to Show Cause

Local Rule 11-110 provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all

1 sanctions authorized by statute or Rule or within the inherent power of the Court."

2 According to the electronic proof of service, Respondent was electronically re-served on
3 December 15, 2005, with the Court's order of October 27, 2005. The proof of service shows the
4 order was emailed to Senior Assistant Attorney General Jo Graves, her secretary Marianne Perez,
5 the docketing unit for the Sacramento office of the Attorney General, and the electronic case
6 filing coordinator for the office of the Attorney General. Respondent states the order was not
7 received by any of these individuals or entities. The Court cannot determine why court records
8 show the action happened but Respondent states it did not. Nevertheless, the Court does not find
9 that Respondent intentionally disregarded a court order.

10 Accordingly, the order to show cause is hereby VACATED. The parties are advised that a
11 new briefing schedule will be issued at a future date.

12 II.  Motion to Substitute Counsel

13 According to his declaration, Christopher J. Cannon, Esq., of Sugarman and Cannon has
14 been retained by Petitioner to represent him in this action. Counsel requests that the Court grant
15 his motion to substitute in as counsel of record. However, Counsel has not submitted a
16 declaration signed by Petitioner that he consents to this substitution.

17 Accordingly, the motion to substitute is DENIED with leave to renew.

18 III.  Motion to Supplement Petition

19 Counsel also requested leave to supplement the petition. As stated above, Counsel has not
20 provided the Court with a declaration signed by Petitioner that Petitioner consents to Counsel's
21 representation.

22 Accordingly, the motion to supplement is DENIED with leave to renew.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**ORDER**

IT IS HEREBY ORDERED that:

1) The order to show cause dated March 31, 2006, is hereby vacated;

2) The motion to substitute counsel is DENIED with leave to renew; and

3) The motion to supplement the petition is DENIED with leave to renew.

IT IS SO ORDERED.

**Dated:   May 4, 2006**             /s/ Lawrence J. O'Neill
b9ed48                        UNITED STATES MAGISTRATE JUDGE