# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BENYAMINI, | 1:05-CV-0684 OWW LJO HC |
| Petitioner, | ORDER GRANTING MOTION FOR SUBSTITUTION OF COUNSEL<br>[Doc. #33] |
| v. | ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE COUNSEL IN FOR PETITIONER |
| TERESA SCHULTZ, | |
| Respondent. | ORDER GRANTING MOTION TO FILE AMENDED PETITION<br>[Doc. #33] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On April 18, 2005, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California. By order of the Court dated May 4, 2005, the action was transferred to the Fresno Division. In his petition, Petitioner raised five grounds for relief: 1) Petitioner claims he was mentally incompetent at time of trial and was denied the right to testify on his own behalf; 2) Petitioner claims the evidence was insufficient to support the verdict; 3) Petitioner claims the reporter's transcripts are incomplete; 4) Petitioner claims he received ineffective assistance of counsel; and 5) Petitioner claims a juror was biased

1  against him because of the juror's relationship with Petitioner's relative.

2      On July 15, 2005, the Court issued a Findings and Recommendation that recommended
3  Ground One be DISMISSED in part for failure to state a cognizable federal claim, Ground Three
4  be DISMISSED in whole for failure to state a cognizable federal claim, and the petition for writ
5  of habeas corpus be DISMISSED without prejudice for failure to exhaust state remedies with
6  respect to Grounds One, Three, Four and Five. On October 19, 2005, the District Court adopted
7  the Findings and Recommendation. Grounds One and Three were dismissed; however, the Court
8  reserved judgment with respect to Grounds Four and Five because Petitioner had not provided
9  the Court with his state court records.

10      On October 27, 2005, the Court issued an order directing Respondent to submit a
11  response to the petition. On April 20, 2006, Counsel for Petitioner, Christopher J. Cannon, filed a
12  motion for substitution of counsel along with a declaration in support of the motion. Mr. Cannon
13  also filed a motion to supplement the petition. However, Mr. Cannon did not provide a signed
14  declaration from Petitioner stating that he consented to the substitution. Accordingly, the Court
15  denied the motions with leave to renew.

16      On June 12, 2006, Mr. Cannon renewed the motions.

**DISCUSSION**

I.  Motion to Substitute Counsel

19      According to his declaration, Christopher J. Cannon, Esq., of Sugarman and Cannon has
20  been retained by Petitioner to represent him in this action. Counsel requests that the Court grant
21  his motion to substitute in as counsel of record. Counsel has submitted a Substitution of Counsel
22  which contains a declaration by Petitioner under penalty of perjury requesting the Court to allow
23  Mr. Cannon to substitute in as counsel.

24      Accordingly, the motion to substitute is GRANTED.

III.  Motion to Supplement Petition

26      Counsel also requested leave to supplement the petition. He states that there are several
27  grounds which Petitioner has fully exhausted in state court and were either dismissed by the
28  Court or not included by Petitioner. Counsel contends that these are not frivolous claims and

should be included in the habeas petition.

Rule 15(a) of the Federal Rules of Civil Procedure provides, in relevant part:

(a) Amendments. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

In this case, a responsive pleading has not been served, and Petitioner has not previously amended his petition. In addition, Petitioner has shown good cause to amend the petition.

Accordingly, the motion to supplement is GRANTED, and Petitioner will be provided an opportunity to file an amended petition. However, Petitioner is advised that the amended petition must be complete in and of itself.

**ORDER**

IT IS HEREBY ORDERED that:

1) Petitioner's motion to substitute counsel is GRANTED;

2) The Clerk of Court is DIRECTED to substitute Christopher J. Cannon, Esq., in for Petitioner as counsel of record;

3) Petitioner's motion to amend the petition is GRANTED; the First Amended Petition is DUE no later than thirty (30) days from the date of service of this order.[1]

IT IS SO ORDERED.

**Dated:   June 13, 2006**               /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Although Counsel for Petitioner requests 120 days time to proceed with this case and "either report to the Court" or "file a supplemental habeas petition," the Court does not find good cause for such a lengthy extension. Although Counsel argues that the limitations period does not expire until November of this year, this case has been pending in this Court for over a year. In addition, as Counsel for Petitioner states, the additional claims such as "competency to stand trial, the competency of [Petitioner's] counsel at trial and on appeal, the absence of both [Petitioner] and his counsel from a hearing prior to sentencing, and the prosecution's failure to disclose exculpatory evidence" were presented and exhausted in the state courts.