UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT BENYAMINI, | ) | 1:05-CV-00684 OWW LJO HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR STAY AND ABEYANCE |
| v. | ) | [Doc. #38] |
| | ) | |
| TERESA SCHULTZ, | ) | ORDER DIRECTING PETITIONER TO FILE |
| | ) | STATUS REPORTS |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented in this action by Christopher J. Cannon, Esq.

On July 18, 2006, Petitioner filed a First Amended Petition for Writ of Habeas Corpus. On the same date, conceding the amended petition contained unexhausted claims which were not included in the original petition, Petitioner filed a motion to stay the proceedings and hold the petition in abeyance pending exhaustion of state remedies.

**DISCUSSION**

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 277 (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519

1  U.S. 1102 (1997).  However, the Supreme Court has held that this discretion is circumscribed by the
2  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 544 U.S. at 277. In light
3  of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is
4  only appropriate when the district court determines there was good cause for the petitioner's failure
5  to exhaust his claims first in state court." Id. at 277.  Even if Petitioner were to demonstrate good
6  cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when
7  his unexhausted claims are plainly meritless." Id.

8  In this case, the Court finds good cause to excuse Petitioner's failure. Petitioner is still within
9  the statute of limitations and has demonstrated diligence in pursuing his remedies. In addition,
10 Petitioner has not previously sought post-conviction collateral relief in the state courts; therefore, his
11 only opportunity at presenting his claims has been through his appointed appellate counsel. Petitioner
12 contends his trial counsel and appellate counsel were ineffective, and challenges to the effective
13 assistance of counsel are normally brought in collateral attacks on the conviction and not in direct
14 review.  Therefore, the Court will grant a stay of the proceedings.

15 However, the Court will not indefinitely hold the petition in abeyance. Rhines, 544 U.S. at
16 277.  Petitioner must inform the Court no later than thirty (30) days after the date of service of this
17 order the cases that have been filed in state court, the date any cases were filed, and any outcomes.[1]
18 Further, Petitioner must proceed diligently to pursue his state court remedies and must file a new
19 status report every ninety (90) days thereafter as to the status of the state court proceedings.
20 Following final action by the state courts, Petitioner will be allowed thirty (30) days to file a motion
21 for leave to amend the petition to include the newly exhausted claims. Failure to comply with these
22 instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date
23 of this order. Rhines, 544 U.S. at 278.

**ORDER**

25 Accordingly, IT IS HEREBY ORDERED that:
26 1. Petitioner's motion to stay and hold the petition in abeyance is GRANTED;

---

28 [1]The filing should be titled: "Status Report."

2. The instant petition is STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order advising the court of the cases that have been filed in state court, the date the cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a new status report every ninety (90) days after filing his initial status report; and

5. Petitioner is GRANTED thirty (30) days time following the final order of the state courts in which to file a final status report.

IT IS SO ORDERED.

**Dated:   July 27, 2006**                                   /s/ Lawrence J. O'Neill
b9ed48                                                       UNITED STATES MAGISTRATE JUDGE