UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT BENYAMINI, | ) | 1:05-CV-00684 LJO NEW (DLB) HC |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DIRECTING PETITIONER TO |
| v. | ) | SHOW CAUSE WHY STAY SHOULD NOT |
| | ) | BE VACATED |
| | ) | |
| TERESA SCHULTZ, | ) | [Doc. #39] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented in this action by Christopher J. Cannon. Esq.

On July 18, 2006, Petitioner filed a first amended petition. Shortly thereafter on July 20, 2007, Petitioner filed a motion to stay the petition pending exhaustion of state remedies with respect to certain unexhausted claims presented in the amended petition. On July 27, 2007, the Court found good cause to stay the mixed petition and issued a stay pending exhaustion. Petitioner was directed to file status reports every 90 days and was granted 30 days following the final order of the state courts in which to file a final status report.

On May 25, 2007, Petitioner filed a fourth status report with the Court. In it, Petitioner acknowledged having filed a habeas petition in the California Supreme Court in order to exhaust the issues raised in the supplemental petition. Petitioner further states that "[o]n February 21, 2007, the California Supreme Court denied that petition." As stated above, Petitioner was granted 30 days following the final order of the state courts in which to file a final status report. The instant status report is more than 2 months overdue and is in direct violation of the Court's order.

In <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005), the Supreme Court stated, "[D]istrict courts should place reasonable time limits on a petitioner's trip to state court and back." As an example, the Supreme Court quoted <u>Zarvela v. Artuz</u>, 254 F.3d 374, 381 (2d Cir.2001), as follows:

> [District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed").

"And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." <u>Rhines</u>, 544 U.S. at 278, *citing* <u>Zarvela</u>, 254 F.3d at 380-81.

Accordingly, Petitioner is ORDERED to SHOW CAUSE within thirty (30) days of the date of service of this order why the stay granted on July 27, 2007, should not be vacated in its entirety for failure to comply with a court order.

IT IS SO ORDERED.

Dated: **June 18, 2007**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE